IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHEYENNE PATE, #773478 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv259 |
| KEVIN R. WHEAT, ET AL. | § | |

O R D E R

Came on for consideration, the Plaintiff's motion to amend the original complaint (docket entry #23). The Plaintiff was previously ordered to submit an amended complaint on a § 1983 form. He attached a completed § 1983 form to the present motion, which complied with the Court's order. The motion to amend was unnecessary in light of the Court's order; nonetheless, the request is reasonable and will be granted.

The Court's review of the amended complaint reveals that the Plaintiff added claims about matters that occurred after he filed the lawsuit, including claims about matters that occurred after he was transferred to the Telford Unit on or about July 1, 2009. The claims are contained in paragraphs 11-14.

28 U.S.C. § 1391(b) reads as follows:

A civil action wherein diversity is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial portion of the events or omissions giving rise to the claim occurred, or a substantial portion of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district wherein the action may otherwise be brought.

The Plaintiff's claims involving matters that occurred at the Telford Unit occurred in Bowie County, which is in the Eastern District of Texas, Texarkana Division. 28 U.S.C. § 124(c)(5). Venue is proper

for these claims in the Texarkana Division, as opposed to this Court. Such claims should be severed from this lawsuit and transferred to the Texarkana Division.

Finally, pages 23 through 28 of document 23-2 was included as part of the amended complaint, however, the Plaintiff was attempting to file a motion for an injunction or temporary restraining order. Pages 23-28 should be filed as a separate docket entry. It is therefore

**ORDERED** that the motion to amend original complaint (docket entry #23) is **GRANTED**. It is further

**ORDERED** that the Plaintiff's claims involving matters that occurred at the Telford Unit, paragraphs 11-14 of the amended complaint, are **SEVERED** from this lawsuit and **TRANSFERRED** to the Texarkana Division. 28 U.S.C. § 1404(a) and Local Order 95-2. It is finally

**ORDERED** that the Clerk shall file the Plaintiff's motion for an injunction or temporary restraining order, shown as pages 23-28 of the amended complaint, as a separate docket entry.

**So ORDERED and SIGNED this 19th day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE